# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LUKE ALEXANDER PRINDABLE, #462931, | ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| vs. | ) ) | Case No. 21-cv-00418-JPG |
| C/O BRIGGS, C/O GUMBER, SGT. CHAMBERS, NURSE BONNIE, RICHARD WATSON, and CITY OF BELLEVILLE, | ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Luke Prindable, an inmate at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80. (Docs. 1, 1-1). Plaintiff claims he was assaulted and injured by St. Clair County Jail inmates after repeatedly telling the defendants that he was in danger and feared for his life. (Doc. 1, pp. 1-25). He seeks compensation for his injuries. (*Id*. at 8).

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

The following allegations are set forth in the Complaint (Doc. 1, pp. 7, 9-25): After he was placed in G-block on March 24, 2021, Plaintiff began hearing inmates talk about jumping him and taking his commissary items and food trays. (*Id.* at 10). He even heard inmates whisper about killing him. (*Id.*). Plaintiff pressed the cell's call button and informed a female officer that he feared for his life. (*Id.*). She instructed him to report the issue to Officer Briggs. (*Id.*). When Plaintiff did so, the officer ignored him. (*Id.*). Plaintiff pressed the call button again and asked to be moved off the block. (*Id.*). The female officer agreed to let Officer Briggs know, but Briggs simply told Plaintiff to "stop pressing the button" because "we don't care." (*Id.*).

Plaintiff submitted a complaint form to explain that he feared for his life and needed to be moved from G-block immediately. (*Id.*). He also made it clear that Briggs would not do anything to help him. (*Id.*). Although Officer Garner[1] picked up the complaint form, Plaintiff does not know what he did with it. Briggs soon returned to the cell block angry and upset. He asked Plaintiff to identify the inmate(s) he feared. When Plaintiff was too scared to reveal the name(s), Briggs simply walked away. (*Id.*).

Over the course of nine hours on March 24-25, 2021, Plaintiff submitted ten complaints and/or grievances seeking a transfer to Briggs, Gumber, Garner, Chambers, and Watson. However, he was not moved to another housing unit. The officers required inmates to state who, specifically, they feared on the block when filing such complaints, and Plaintiff maintains that this policy actually led to his attack when he declined to identify anyone by name. (*Id.*).

---

[1] Plaintiff does not list Garner as a defendant in the case caption or list of defendants, so all claims against this individual should be considered dismissed without prejudice. *Cash v. Marion County Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) ("[E]ven a pro se prisoner's complaint must comply with FED. R. CIV. P. 10(a) and include the names of all parties in the title of the action.").

Plaintiff was attacked by several inmates later the same day. At the time, he was following Gumber's orders to gather his belongings. Multiple individuals hit Plaintiff in the head which, in turn, caused his head to collide with the cell bars. One particular individual continued to attack Plaintiff and inflicted additional injuries to his hip and back. Plaintiff limped to the call button and reported the assault. (*Id*. at 12-13).

The same day, he sought medical attention for multiple injuries to his hip, lower back/spine, neck, and head. (*Id*. at 13). He also reported memory loss. (*Id*.). Nurse Bonnie photographed Plaintiff's injuries, issued him an ice pack and ibuprofen, and sent him back to his cell without further treatment for his injuries. (*Id*. at 7, 13). As he exited the medical unit, Plaintiff blacked out, fell to the floor, hit his chin, and chipped his tooth. Afterwards, he was too injured to walk. (*Id*.). Gumber yanked Plaintiff off the ground and dragged him to a holding cell. (*Id*.). The officer did so with excessive force and inflicted further bruising and injuries to Plaintiff's arm, shoulder, lower back, spine, and hip. (*Id*.).

## **Discussion**

Based on these allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** Defendants Briggs, Gumber, Chambers, and Watson failed to intervene and protect Plaintiff from the inmate attack that occurred on or around March 25, 2021, in violation of his rights under the Fourteenth and/or Eighth Amendment.

**Count 2:** Defendant Gumber subjected Plaintiff to excessive force when he dragged Plaintiff from the medical unit floor to a holding cell in a manner that inflicted further injuries for no penological reason on or around March 25, 2021, in violation of Plaintiff's rights under the Fourteenth and/or Eighth Amendment.

**Count 3:** Defendant Bonnie denied Plaintiff adequate medical care for injuries he sustained during the assault on or around March 25, 2021, in violation of Plaintiff's rights under the Fourteenth and/or Eighth Amendment.

> **Count 4:** Defendant City of Belleville violated Plaintiff's rights under the Fourteenth and/or Eighth Amendment by failing to train its employees.
>
> **Count 5**: FTCA claim against Defendants for the events that occurred at the Jail on or around March 25, 2021.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Counts 1, 2, and 3

As a preliminary matter, the Court must determine what legal standard governs Plaintiff's claims. This depends on his legal status at the time his claims arose on March 24-25, 2021. Counts 1, 2, and 3 are governed by the Fourteenth Amendment Due Process Clause, if Plaintiff was a pretrial detainee when his claims arose. These same claims are governed by the Eighth Amendment, if Plaintiff was a convicted prisoner. Either way, the Court must construe the allegations of the *pro se* Plaintiff liberally at this stage, and, when doing so, the Court finds that the allegations support a claim against the defendants named in connection with each claim in Counts 1, 2, and 3.

### Count 1

When bringing a failure-to-protect claim as a pretrial detainee, a plaintiff must allege facts which suggest that each defendant acted purposefully, knowingly, or recklessly with regard to his risk of assault and that the defendant's conduct was objectively unreasonable. *See Wilson v. Cook County, Ill.*, 2020 WL 5642945, at *2 (N.D. Ill. Sept. 22, 2020) (citing *Gosser v. McCorkle*, 2020 WL 1244470, at *8 (S.D. Ind. Mar. 16, 2020)). In the context of a prisoner, a failure-to-protect claim arises where an inmate is incarcerated in conditions of confinement posing a substantial risk

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

of serious harm to him, and the defendant acts with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). This claim requires a plaintiff to allege a "tangible threat to his safety or well-being" and a "substantial risk of future harm." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). The Complaint articulates a claim against Briggs, Gumber, Chambers, and Watson under both standards, given that Plaintiff alerted these defendants to specific threats of physical harm repeatedly in the nine hours preceding his actual attack. Count 1 shall receive further review against these individuals.

**Count 2**

A pretrial detainee bringing an excessive force claim under the Fourteenth Amendment need only show that the force that was purposely or knowingly used against him was also objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). A convicted person bringing the same claim must demonstrate that he was subject to cruel and unusual punishment under the Eighth Amendment, which occurs where force was used "maliciously and sadistically" and not as part of a "good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The allegations suggest that Officer Gumber intentionally and forcefully dragged Plaintiff from the medical unit floor to a holding cell in a manner that inflicted additional physical injury for no penological reason on March 25, 2021. Count 2 thus survives screening against this defendant under the Fourteenth and Eighth Amendments.

**Count 3**

A pretrial detainee asserting a medical claim must show that the defendants acted purposely, knowingly, or recklessly when they denied Plaintiff medical care and that the denial was also objectively unreasonable. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir.

2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352-54 (7th Cir. 2018)). A prisoner must show that he suffered from an objectively serious medical condition, and the defendants responded to it with deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Plaintiff alleges that he suffered several serious injuries to his head, hip, lower back/spine, and neck, among other injuries. Even so, Nurse Bonnie provided only an ice pack and ibuprofen before Plaintiff collapsed outside the medical unit, sustaining further injury. These allegations suggest that she may have acted in an objectively unreasonable manner or even with deliberate indifference. Given this, Count 3 cannot be dismissed and shall receive further review against her.

**Count 4**

Municipal liability under Section 1983 generally arises from the execution of a government policy or custom that causes a constitutional injury. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Inadequate training may give rise to Section 1983 liability where the municipality's failure to train its employees in a certain respect amounts to deliberate indifference to the rights of its inhabitants. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989). Plaintiff asserts a claim against the City of Belleville simply because "a city can be held accountable for failing to train employees properly." (Doc. 1, p. 3). While that may be true, Plaintiff must show a causal connection between a municipal policy or custom and an alleged constitutional deprivation. *Id*. at 385-86. He identifies no such policy or custom attributable to the City. Accordingly, Count 4 shall be dismissed without prejudice for failure to state a claim.

**Count 5**

The Federal Tort Claims Act (FTCA) provides jurisdiction for suits against the United States for torts committed by federal officials. *See* 28 U.S.C. § 1346(b)(1). The United States is not named as a defendant, and Plaintiff's claims do not arise from misconduct of federal officials.

Count 5 shall therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motions for Recruitment of Counsel (Docs. 2 and 9) are **DENIED** without prejudice. Plaintiff admits that he has made no effort to locate an attorney because someone told him it would cost lots of money. (Doc. 2, p. 1). He must at least try to find an attorney to represent him before turning to the Court for help. Before the Court will consider his request for court-recruited counsel again, Plaintiff must demonstrate reasonable efforts to find counsel on his own. He should write or call at least three attorneys or firms; if his requests for representation *in this case* are denied by all of them, he may renew his request for representation by filing a new motion for recruitment of counsel and attaching copies of all letters/responses he sent/received in connection with this matter. Alternatively, he may submit a list of the names of attorneys/firms contacted, the dates of all contacts, and the responses he received as an exhibit to his renewed motion. In the meantime, the Court finds that Plaintiff's limited high school education and inexperience with litigation have not prevented him from competently representing himself in preparing and filing this, and several other, lawsuits in the past two months. His complaint survives screening against numerous defendants, and his demonstrated ability to litigate this matter to date persuades the Court that immediate recruitment of counsel is not necessary. As the case progresses, Plaintiff may renew his request by filing a new motion, if and when he deems it appropriate.

## Disposition

**IT IS ORDERED** that the Complaint (Docs. 1) survives screening, as follows:

- **COUNT 1** will proceed against **BRIGGS, GUMBER, CHAMBERS,** and **WATSON**;

- **COUNT 2** will proceed against **GUMBER**; and
- **COUNT 3** will proceed against **BONNIE**.

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim against **CITY OF BELLEVILLE**, and **COUNT 5** is **DISMISSED** with prejudice for failure to state a claim against any defendants.

The Clerk's Office is **DIRECTED** to **TERMINATE** the **CITY OF BELLEVILLE** as a party to this action in CM/ECF.  **Because this suit addresses one or more medical claims, the Clerk of Court is also DIRECTED to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act**.

The Clerk of Court shall prepare for **C/O BRIGGS, C/O GUMBER, SGT. CHAMBERS, NURSE BONNIE,** and **RICHARD WATSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Docs. 1), and this Memorandum and Order to each Defendant's place of employment.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only

by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order</u>**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/30/2021**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT
United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.