IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUKE ALEXANDER PRINDABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   21-cv-418-RJD |
| | ) | |
| C/O BRIGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Lucas Prindable, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for incidents that allegedly occurred while he was incarcerated at the St. Clair County Jail ("the Jail"). Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: Defendants Briggs, Gumber, Chambers, and Watson failed to intervene and protect Plaintiff from the inmate attack that occurred on or around March 25, 2021, in violation of his rights under the Fourteenth and/or Eighth Amendments.
>
> Count Two: Defendant Gumber subjected Plaintiff to excessive force when he dragged Plaintiff from the medical unit floor to a holding cell in a manner that inflicted further injuries for no penological reason on or around March 25, 2021, in violation of Plaintiff's rights under the Fourteenth and/or Eighth Amendments.
>
> Count Three: Defendant Bonnie denied Plaintiff adequate medical care for injuries he sustained during the assault on or around March 25, 2021, in violation of Plaintiff's rights under the Fourteenth and/or Eighth Amendment.

Now before the Court is an untitled motion by Plaintiff seeking to correct what Plaintiff

deems as errors in the Court's screening order that the Court construes as a motion to correct (Doc. 36), and a revised complaint that the Court construes as a motion to amend the complaint (Doc. 52).

In his motion to correct (Doc. 36), Plaintiff delineates "errors" contained in the Court's screening order and sets forth the corrections in a piecemeal fashion, explaining, for instance, that page two, second paragraph, third sentence of the screening order should read "Officer Briggs read it and destroyed it" rather than "Plaintiff does not know what he did with it." There are six such corrections contained in this motion. Plaintiff also indicates he needs somebody to confirm these allegations and asserts he is seriously concerned about his wellbeing.

First, the Court asserts that a review of the screening order demonstrates that the "errors" identified by Plaintiff reflected allegations set forth by Plaintiff in his original complaint. Thus, it was not an "error" on the Court's part. Further, under SDIL-LR 15.1, a proposed amendment to a pleading or amended pleading itself must be submitted with a motion to amend a pleading. As such, Local Rule 15.1 does not allow for amendment of a pleading by interlineation and the amended complaint must stand on its own without reference to any document Plaintiff may have filed earlier. In this instance, Plaintiff did not provide the Court with a proposed amended complaint. Rather, he set forth the proposed changes in the body of his motion. This is not sufficient to comply with the Court's rules regarding amended complaints.

In his proposed revised complaint that the Court construes as a motion to amend (Doc. 52), Plaintiff revises the Court's screening order, making various edits and omissions, some of which were set forth in his motion to correct. Although Plaintiff sets forth the entirety of his allegations and proposed amendments in his proposed amended complaint, Plaintiff did not include a case caption or other required information, such as a request for relief. As such, it is difficult to discern

if Plaintiff is attempting to name any additional defendants or otherwise change the substance of his claims. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

For these reasons, Plaintiff's motions are **DENIED**. Plaintiff, however, may again request leave to file an amended complaint, provided he complies with the Local Rules regarding the same. In this vein, the Clerk of Court is directed to send Plaintiff a copy of the Civil Complaint for Civil Rights Violation or Other Civil Claims by a Person in Custody. Plaintiff is advised that a scheduling order will soon be entered in this case that will set a deadline for motions to amend. Finally, insofar as Plaintiff asserts he is concerned about his wellbeing, he is advised to utilize the resources available at the Jail to notify staff of the same.

**IT IS SO ORDERED.**

**DATED: November 4, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**