IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE ALEXANDER PRINDABLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-418-RJD |
| | ) |
| C/O BRIGGS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Joint Motion for Sanctions (Doc. 64). For the reasons set forth below, the Motion is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE**

## Background

Plaintiff Luke Alexander Prindable is an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at the St. Clair County Jail. Plaintiff is proceeding in this action on the following claims:

> Count One: Defendants Briggs, Gumber, Chambers, and Watson failed to intervene and protect Plaintiff from the inmate attack that occurred on or around March 25, 2021, in violation of his rights under the Fourteenth and/or Eighth Amendment.
>
> Count Two: Defendant Gumber subjected Plaintiff to excessive force when he dragged Plaintiff from the medical unit floor to a holding cell in a manner that inflicted further injuries for no penological reason on or around March 25, 2021, in violation of Plaintiff's rights under the Fourteenth and/or Eighth Amendment.

   Count Three: Defendant Bonnie denied Plaintiff adequate medical care for injuries he sustained during the assault on or around March 25, 2021, in violation of Plaintiff's rights under the Fourteenth and/or Eighth Amendment.

On November 4, 2021, the Court entered a Scheduling and Discovery Order setting the deadline for Plaintiff to provide Defendants certain initial disclosures by December 6, 2021 (*see* Doc. 61). On January 4, 2022, Defendants moved to compel Plaintiff to provide his initial disclosures in accordance with the Scheduling and Discovery Order (Doc. 62). The Court granted Defendant's motion to compel on January 7, 2022, and Plaintiff was ordered to provide his initial disclosures by January 21, 2022 (Doc. 63). The Court advised Plaintiff that if he failed to abide by the Court's Order, the undersigned would entertain a request for sanctions by Defendants.

On January 24, 2022, Defendants filed a joint motion for sanctions seeking dismissal of this matter citing Federal Rules of Civil 37 and 41. Defendants assert they have not received Plaintiff's initial disclosures and argue dismissal is appropriate due to Plaintiff's continued failure to abide by the Court's Orders.

Soon after Defendants' motion was filed, Plaintiff filed a notice of change of address (Doc. 66). Because it was not clear that Plaintiff received Defendants' motion for sanctions, out of an abundance of caution, the undersigned ensured a copy of the motion was again sent to Plaintiff on February 28, 2022 (*see* Doc. 68). The undersigned also ordered that Plaintiff's response to the motion be filed by March 21, 2022. There is nothing in the docket to suggest Plaintiff has not received any of the filings in this matter and Plaintiff has not yet responded to Defendants' Joint Motion for Sanctions.

## **Discussion**

Rule 37(b) of the Federal Rules of Civil Procedure provides that dismissal of an action may be an appropriate sanction if a party "fails to obey an order to provide or permit discovery."

A case may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Federal Rule of Civil Procedure 41(b) also provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal in this case is appropriate under Rule 37 and Rule 41(b). In this instance, Plaintiff failed to comply with the Court's orders directing him to provide Defendants with initial

disclosures. Plaintiff was ordered to do so both in the Initial Scheduling and Discovery Order (*see* Doc. 61), and in the Court's order granting Defendants' motion to compel (*see* Doc. 63). Defendants assert, and Plaintiff has not contradicted their assertion, that Plaintiff wholly failed to comply with the Court's orders and provide any initial disclosures. Plaintiff also failed to respond to Defendants' motion for sanctions despite being provided ample time and opportunity to do so.

The Court finds that the conduct described above demonstrates a clear record of willful delay and contumacious conduct that has needlessly delayed this litigation. Accordingly, the Court finds dismissal is appropriate.

While the Court notes there are lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this matter. Moreover, the Court finds Defendants would be prejudiced if this matter were allowed to languish on the Court's docket any longer.

### Conclusion

For the foregoing reasons, Defendants' Joint Motion for Sanctions (Doc. 64) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 10, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**